Cynthia Z. Levin, Esq.
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SANDRA VAZQUEZ,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | )  **OF THE FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) |
| **FMS, INC.,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Sandra Vazquez ("Plaintiff"), is a natural person residing in Philadelphia county in the state of Pennsylvania, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4. At all relevant times herein, Defendant, FMS, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Defendant is contacting Plaintiff in connection with an alleged debt that she does not owe.

7. On more than one occasion, Plaintiff informed Defendant, that she is not the debtor as her social security number does not match that of the debtor.

8. Defendant contacted Plaintiff at times and places that were known to be inconvenient, including but not limited to, calls to Plaintiff's employer, where such calls are against the policies of Plaintiff's employer.

9. On more than one occasion, Defendant contacted Plaintiff's co-workers, for purposes beyond obtaining Plaintiff's location information.

10. On more than one occasion, Defendant contacted Plaintiff's co-workers, disclosing Defendant's identity and the existence of an alleged debt owed by Plaintiff, without being expressly requested.

11. Defendant used deceptive practices in an attempt to collect the alleged debt, falsely representing that Plaintiff had previously confirmed her identity as the debtor, where in fact, Plaintiff has advised Defendant on several occasions, that her social security number does not match that of the debtor.

12. Defendant continued to contact Plaintiff directly, despite having been aware and receiving Plaintiff's counsel's letter of representation.

13. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    a) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§1692b & §1692c(b));

    b) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a

      third party without such information being expressly requested (§1692b(1) & §1692c(b));

c) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b));

d) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b));

e) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§1692c(a)(1)(3));

f) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

g) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

h) Using false, deceptive, or misleading representations or means in connection with collection of a debt (§1692e));

i) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));

j) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

k) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1)).

14.    As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;
B. Statutory damages;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 20th day of December 2012.

By: /S/ Cynthia Z. Levin
**Cynthia Z. Levin, Esq.
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff**